UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JESUS HERNANDEZ VAZQUEZ,<br><br>      Petitioner,<br><br>    v.<br><br>DONALD J. TRUMP, KRISTI NOEM,<br>PAMELA BONDI, TODD M. LYONS,<br>and BRIAN ENGLISH,<br><br>      Respondents. | CAUSE NO. 3:25-CV-1066 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee Jesus Hernandez Vazquez, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 alleging he is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, Mr. Hernandez Vazquez is a citizen of Mexico who has lived in the United States since 2001. He says he was arrested on October 30, 2025, without cause by United States Immigration and Customs Enforcement (ICE) officers, and then detained at the ICE building in Broadview, Illinois. On November 1, 2025, while still detained there, he says he was issued a notice to appear. A few days later, he was moved to Miami Correctional Facility in Indiana, where he was located when he filed this petition.

Mr. Hernandez Vazquez alleges he had his first court appearance on December 16, 2025. He reports that he was denied bond because the immigration judge determined there was no jurisdiction to consider his bond request based on the Board of Immigration Appeals (BIA) decision, *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), a case that

concluded all noncitizens present in the United States without having been admitted were subject to mandatory detention under 8 U.S.C. § 1225(b)(2) while removal proceedings were ongoing. Mr. Hernandez Vazquez argues he is entitled to a discretionary bond hearing under § 1226(a). Although he has a 2002 misdemeanor conviction and a 2012 misdemeanor conviction, neither conviction, he argues, would subject him to mandatory detention under § 1226(c).

The court acknowledges that its jurisdiction over immigration matters is limited; jurisdiction, however, is secure over Mr. Hernandez Vazquez's challenge to his detention without bond. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Therefore, the respondents will be ordered to file an answer to the petition.

The court has already weighed in on the issue of whether the mandatory detention scheme in 8 U.S.C. § 1225(b)(2) applies to certain noncitizens. This court has joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens apprehended in the interior of the United States who are not "seeking admission" within the statute's meaning. See *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *see generally Castanon-Nava v. U.S. Dep't of Homeland Sec.*, __ F.4th __, No. 25-3050, 2025 WL 3552514, 8-10 (7th Cir. Dec. 11, 2025) (concluding on application for a stay pending appeal that government was not likely to succeed on the merits of their argument that mandatory detention provision § 1225(b)(2)(A) applies to plaintiffs, who were noncitizens who had

not been admitted and who were arrested by ICE without a warrant in the interior of the United States).

The court presumes respondents will raise the same arguments regarding subject matter jurisdiction and the merits regarding the applicability of § 1225(b)(2) to this case. There is no need to rehash these same arguments. The court will deem such arguments preserved for review without need to repeat them in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner. The parties, therefore, should focus on what statutory basis justifies Mr. Hernandez Vazquez's detention, or if he is instead entitled to immediate release.

The petition also includes several respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. Therefore, Mr. Hernandez Vazquez will be ordered to show cause why the President of the United States Donald J. Trump; Secretary of the United States Department of Homeland Security Kristi Noem; Attorney General Pamela Bondi; and Acting Director of the United States Immigration and Customs Enforcement Todd M. Lyons should not be immediately

dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Secretary of the Department of Homeland Security, at the Office of General Counsel, (d) the Acting Director of the United States Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS such respondents to file an answer to the petition by **January 7, 2026**, with any reply due on or before **January 12, 2026**, with the petitioner to SHOW CAUSE

by that date why the respondents beyond the custodial warden should not be immediately dismissed from this proceeding as improper parties.

SO ORDERED.

December 31, 2025                                             *s/ Damon R. Leichty*
                                                              Judge, United States District Court